**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ARREDONDO-VIRULA,

                Petitioner - Appellant,

     v.

NEIL H. ADLER, Warden,

                Respondent - Appellee.

No. 10-17654

D.C. No. 1:09-cv-02049-AWI-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted February 14, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges

    Federal prisoner Oscar Arredondo-Virula (Arredondo) appeals the district

court's denial of his petition for habeas corpus under 28 U.S.C. § 2241, seeking

restoration of good-time credits forfeit after a prison disciplinary hearing. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. § 1291. We VACATE the district court's decision and REVERSE.

The discipline was imposed by Curtis Logan, an employee of Management and Training Corporation (the corporation). The corporation is a private contractor and for-profit company that runs the federal correctional institution where Arredondo is held. Logan found that Arredondo committed the charge based on the incident report. Arredondo was docked twenty-seven days good-time credit, ordered to serve fifteen days in administrative segregation, and lost visitation privileges for one year.

A magistrate judge issued findings and a recommendation that Arredondo's petition be denied. The district court adopted the magistrate judge's findings and recommendation and denied the petition.

The denial of a petition filed under § 2241 is reviewed de novo. *Taylor v. Sawyer*, 284 F.3d 1143, 1147 (9th Cir. 2002).

Logan was not an employee of the Bureau of Prisons (the B.O.P.) or Federal Prison Industries, Inc. as required by the applicable regulation in place at the time. 28 C.F.R § 541.10(b)(1) (2010). The regulation provided: "only institution staff may take disciplinary action." Staff was defined as "any employee of the Bureau of

Prisons or Federal Prison Industries, Inc." 28 C.F.R. § 500.1(b). We note that 28 C.F.R § 541.10(b)(1) is no longer in force.

Adler concedes that Logan was not an employee of the B.O.P. or Federal Prison Industries, Inc. At oral argument, his counsel suggested that Logan was "an officer". He was not an officer of the B.O.P.

A significant difference exists between employees and independent contractors. *Minneci v. Pollard*, 132 S.Ct. 617,623 (2012) (federal inmates have no federal *Bivens* cause of action for damages against privately-run prison workers because these workers are not federal employees), *see also Allied Chem. & Akali Workers of Amer., Local Union No. 1 v. Pittsburgh Plate Glass Co. et al.,* 404 U.S. 157, 167 (1971). Under the plain meaning of the law, Logan was not authorized to discipline Arredondo.

We VACATE the district court's judgment dismissing Arredondo's habeas petition and REVERSE. As time is important in this case, we ask the district court, without delay and with no further briefing, to GRANT the petition and REINSTATE Arredondo's twenty-seven days of lost good-time credit. No petitions for rehearing will be entertained. The mandate shall issue forthwith.

3